**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Massimilla, et al., | No. CV-15-00168-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Higley Unified School District No. 60, | |
| Defendant. | |

This case arises out of a bullying incident involving Plaintiffs' child at a school-sponsored science camp. In November 2014, Plaintiffs filed suit on behalf of their minor child in state court. The complaint alleges three counts: negligence, negligence per se, and violation of the Individuals with Disabilities Education Act and related provisions of Arizona law. Defendant removed the case to this Court. Doc. 1.

Plaintiffs have filed a motion to remand. Doc. 8. The matter is fully briefed. The Court will grant the motion and remand the case to state court.[1]

**I.    Removal and Remand Principles.**

Pursuant to the removal statute, 28 U.S.C. § 1441(a), a civil case brought in state court over which the federal district courts have original jurisdiction may be removed to the federal court in the district where the action is pending. The statute is to be strictly

---

[1] Plaintiffs' request for oral argument is denied. The issues are fully briefed, and the Court finds that oral argument will not aid in the resolution of this matter. *See* LR Civ. 7.2(f); Fed. R. Civ. P. 78(b).

construed against removal jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). There is "strong presumption" against removal, which "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected, and the case remanded to state court, "if there is any doubt as to the right of removal in the first instance." *Id.*; *see* 28 U.S.C. § 1447(c).

**II.     Analysis.**

Defendant removed this case on the basis of federal question jurisdiction, arguing that Count III asserts a federal cause of action. Plaintiffs assert that the case should be remanded because Count III does not assert any claim for relief; rather, it merely reserves Plaintiffs' rights to "conduct appropriate proceedings under the IDEA and under other provisions of law." Doc. 8 at 5.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over cases involving a federal question, that is, cases "arising under the Constitution, laws, or treaties of the United States." The federal issue "must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

"[T]he mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1040 (9th Cir. 2003) ("It is a long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question

jurisdiction.") (quotation marks and citation omitted).

Count III alleges the following:

> 91. The principal purpose of the Individuals with Disabilities Education Act is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes a special education and related services designed to meet their unique needs [and] to ensure that the rights of children with disabilities and parents of such children are protected."
>
> 92. The school district failed to ensure that [child] was provided with services to meet his unique needs and failed to ensure the protection of the rights of [child] and his parents to competent, respectful, fair treatment.
>
> 93. Under the IDEA, [child] and his parents are entitled to an opportunity to present complaints concerning any aspect of the school district's provision of a free appropriate public education and an opportunity for an impartial due process hearing with respect to any such complaints.
>
> 94. [Child] and his parents reserve their right to conduct appropriate proceedings under the IDEA's provisions and under the corresponding provisions of Arizona statutory and administrative law, including under Ariz. Admin. Code §§ R7-2-405, *et seq*.

Doc. 1, ¶¶ 91-94.

The Court finds that remand is appropriate. The allegations quoted above make clear that Count III merely references the IDEA; it does not assert a violation of any provision of the IDEA or seek relief under the statute. Defendant does not dispute this characterization of Count III, and the Court finds no reason to construe it otherwise. Defendant has failed to meet its burden in proving that removal was appropriate.

**IT IS ORDERED:**

1. Plaintiffs' motion to remand (Doc. 8) is **granted**.

2. The Rule 16 Case Management Conference set for March 27, 2015 at 4:30 p.m. is **vacated**.

3.  The Clerk is directed to **remand** this case to state court.

Dated this 27th day of March, 2015.

_____
David G. Campbell
United States District Judge

- 4 -